IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARTER COMMUNICATIONS, INC., )<br>CHARTER COMMUNICATIONS )<br>HOLDINGS, LLC, )<br>)<br>)<br>Defendants. ) | Misc. No. 20-7-RGA |

MEMORANDUM ORDER

Sprint filed a motion to compel in relation to a subpoena to an individual, Paul Woelk. The subpoena is overbroad, and Woelk is a third party in terms of the subpoena, which seeks his personal records. More significantly, to me at least, is that Sprint already has the information that it says is relevant to its willfulness case, which is, "a large number of Sprint documents, designated confidential and/or privileged, [which] were found on the Charter work computers of Cowden and Woelk." (D.I. 20 at 2). Woelk's Sprint documents were apparently kept in a file folder named, "Sprint – My Documents." (D.I. 27 at 2). There could be as many as 3,500 such documents. (*Id.* at 3). Thus, the motion to compel (D.I. 1) is **DENIED**.

Sprint is going to depose Woelk. The deposition has spawned a separate dispute over whether Sprint should be required to produce documents to deponent Woelk in advance of the deposition. (D.I. 27, 28, 30, 32). It seems clear to me that the main purpose of the deposition is to obtain testimony that will be attributed to Defendants inasmuch as Woelk is an employee of

Defendants.  Sprint suggested a compromise (D.I. 27, Exh. B. at 3), which, with a little tweaking, seems to appropriately balance the competing interests.   As I modify them, they are:

    1.  Counsel for Woelk will be provided the non-privileged documents from the "Sprint – My Documents" folder[1] at least fourteen days before the deposition;

    2. Counsel and client will sign the relevant protective order;

    3. Sprint will not use the privileged documents from the "Sprint – My Documents" folder at the deposition;

    4. The deposition will not exceed seven hours but will count against party deposition time limits (which are extended if necessary to accommodate the seven hours allotted here); and

    5. If Sprint has other documents besides documents from the "Sprint – My Documents" folder, it does not have to disclose them before the deposition.

    IT IS SO ORDERED this 12th day of August 2020.

/s/ Judge Richard G. Andrews
United States District Judge

---

[1] This folder seems to have been on Woelk's computer, but there were also documents on Cowden's computer.  To the extent there were additional documents that were only on Cowden's computer, the same production and distinction between privileged and non-privileged documents should be followed.